UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LAWRENCE WATSON                                              CIVIL ACTION

VERSUS                                                       NO: 23-3228

CHRISTOPHER A. WRAY, ET AL.                                  SECTION: "A" (1)

## ORDER AND REASONS

The following motions are before the Court: **Motion to Dismiss (Rec. Doc. 20)** filed by the defendants, Christopher Wray, in his individual and official capacity, Inspector General Michael Horowitz, in his individual and official capacity, the Federal Bureau of Investigation ("FBI"), and the Office of Inspector General ("OIG") (referred to collectively as "the Federal Defendants"); **Motion to Amend Complaint (Rec. Doc. 22)** filed by the plaintiff, Mr. Lawrence Watson, who is proceeding pro se. Both motions are opposed. The motions, submitted for consideration on March 13, 2024, are before the Court on the briefs without oral argument.

I.

Lawrence Watson filed the instant complaint against the Federal Defendants seeking redress for their failure to investigate/ intervene in/ prevent an alleged decades-long conspiracy by state actors of the Commonwealth of Massachusetts to deprive Watson of his constitutional rights. Watson's 71-page complaint describes in minute detail his interactions with officers of the Massachusetts judicial system and other Massachusetts state officials—those interactions date back to 1995 and span through 2011. Watson alleges that the Massachusetts officials' conduct toward him was motivated by his opposition to their "discriminatory practices against males who are

1

engaged in domestic disputes with females, especially in the issuance of abuse prevention orders and in the determination [of] child custody and child support in probate courts of the Commonwealth." (Rec. Doc. 4, Complaint ¶ 2). It would appear from Watson's detailed allegations that to his profound disappointment no court whether in Massachusetts or elsewhere, whether civil or criminal, has ever credited his legal conspiracy theories. Nonetheless, Watson's claims against the Federal Defendants are premised on his constitutional rights having been violated by state actors in Massachusetts, with the basis for liability against the Federal Defendants being their refusal to investigate those state actors, much less intervene on Watson's behalf in order to prevent the continuing torrent of constitutional abuses being inflicted on Watson by the Massachusetts legal system.

Watson also alleges that as a result of his difficulties in Massachusetts, he has been denied the right to bear arms. (Complaint ¶ 104). Watson complains that the FBI and the Department of Justice refused to grant him security clearance to purchase a firearm in April 2021. (*Id.* ¶ 32).

Watson's claims against the Federal Defendants are brought for the most part under 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"). Watson seeks a panoply of relief, including $300,000,000.00 (three-hundred million dollars) in compensatory damages, empanelment of a grand jury to determine whether federal criminal charges can be brought against the Massachusetts state actors, and appointment of a special prosecutor in the Department of Justice to investigate any federal offenses that the Massachusetts state actors committed against Watson from 1995 to 2011. (Rec. Doc. 4, Complaint at 67-68).

The Federal Defendants now move to dismiss Watson's complaint asserting a litany of potentially meritorious defenses. In response to the Federal Defendants' motion, Watson not only filed an opposition but he also separately moved for leave to amend his complaint to add the United States as a party. Watson's position is that joining the United States as a party will satisfy the legal deficiencies raised in the motion to dismiss.[1]

## II.

Section 1983 is inapplicable to this case because the actions being challenged are those of federal actors. Section 1983 only provides redress for actions taken under color of state law, not under federal law. *Zernial v. United States*, 714 F.2d 431, 435 (5th Cir. 1983). Because pro se pleadings are liberally construed, *Collins v. Dallas Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)), the Court will consider Watson's claims as if he had brought them under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). *Bivens* is the much narrower-in-scope federal analog to a § 1983 claim. *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006) (citing *Wilson v. Layne,* 526 U.S. 603, 609 (1999)).

*Bivens* remains good law but the judicially-created *Bivens* action applies to a narrow set of circumstances. *See Egbert v. Boule*, 596 U.S. 482 (2022). *Bivens* itself dealt with a Fourth Amendment violation committed by federal officers and the Supreme

---

[1] In the instant motion to dismiss, the Federal Defendants did not raise their objections to improper venue, failure to join a party, and insufficient service of process (as to the individual capacity claims) but instead expressly preserved those objections. (Rec. Doc. 20, Motion to Dismiss). Those non-merits-based objections are rendered moot by this dispositive ruling.

3

Court has repeatedly declined to extend the decision to new constitutional contexts. *Id.* at 486. Thus, while an essential element of a *Bivens* action is that a federal agent has allegedly violated the plaintiff's constitutional rights, *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999), the violation must be one cognizable under the narrow scope of rights to which *Bivens* applies.

As with actions under § 1983, in a *Bivens* action vicarious liability and the theory of respondeat superior are inapplicable. Therefore, a *Bivens* plaintiff must plead facts demonstrating that each government-official defendant, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). In other words, government officials may not be held liable for the unconstitutional conduct of their subordinates. *Id.* Furthermore, a *Bivens* action cannot be brought against a federal agency. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994).

Regardless of the constitutional violation relied upon, the claims against the FBI and OIG are legally frivolous because a *Bivens* action cannot be brought against a federal agency. Further, the agency chiefs named in this lawsuit had no personal involvement in the federal decisions that Watson complains about. On these bases alone, Watson's constitutional claims against the Federal Defendants are subject to dismissal.

To be clear, even if Watson had sued the specific federal employees who refused to investigate his claims in Massachusetts, his *Bivens* action would fail nonetheless because his allegations do not allow for the inference that any of his constitutional rights were violated. The federal government's authority and power to investigate is discretionary, and the failure to conduct an investigation does not

4

constitute a violation of a right guaranteed by the Constitution.[2] *Wallace v. Wray*, No. 05-6773, 2006 WL 8459727, at *5 (E.D. Penn. June 16, 2006) (citing *Russo v. Glasser*, 279 F. Supp. 2d 136, 145 (D. Conn. 2003; *Burchett v. Self*, No. 94-5058, 1994 WL 276865, at *2 (6th Cir. 1994); *Marshall v. Johnson*, No. Civ. A. 3:05CV261S, 2005 WL 1214254, at *5 (May 19, 2005, W.D. Ky.)); *see also Lovoi v. F.B.I.*, No. 99-3563, 2000 WL 33671769, at *2 n.4 (E.D. La. Mar. 31, 2000) (citing , *Gomez v. Whitney,* 757 F.2d 1005 (9th Cir.1985); *Dunyan v. FBI,* No. 92–0598, 1992 WL 25777 (E.D. Pa. Feb. 5, 1992); *Moses v. Kennedy,* 219 F. Supp. 762 (D.D.C.1963)).

Likewise for the firearm claim, the federal agencies (FBI and OIG) and the agency chiefs who had no personal involvement in the matter, cannot be sued under *Bivens*. But even beyond that, *Bivens* has never been extended to allow a claim against federal officers related to the issuance of gun permits. *See, e.g., Meeks v. Larsen*, 611 Fed. Appx. 277 (6th Cir. 2015) (not published).

And Watson's motion to amend his complaint does not cure any of the problems discussed above. The motion to amend seeking to add the United States as a defendant can only be directed at the FTCA claim because *Bivens* claims are only

---

[2] Aside from there being no constitutional right to have the FBI or OIG investigate claims of unconstitutional treatment by state actors, no court has ever determined that Watson's constitutional rights were violated by Massachusetts actors, which is the premise upon which Watson's entire lawsuit is based. The Federal Defendants posit that the *Rooker-Feldman* doctrine applies to prohibit Watson from collaterally attacking the adverse prior state court judgments rendered against him in Massachusetts. The *Rooker-Feldman* doctrine is more nuanced than res judicata (civil judgments) or *Heck v. Humphrey*, 512 U.S. 477 (1994) (criminal convictions) because the *Rooker-Feldman* doctrine recognizes that federal district courts lack jurisdiction to exercise appellate jurisdiction over state court judgments. *Reed v. Goertz*, 598 U.S. 230, 244-45 (2023) (Thomas, J., dissenting). If the losing party in a state judicial proceeding seeks redress for a state judgment that itself violates his federal rights his only remedy in the federal system is to seek review in the Supreme Court. *Id.* at 245.

cognizable against individual federal officers, not the United States, which has sovereign immunity. The proper defendant in a FTCA suit is the United States—not a federal agency or its head. *See Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). But the fatal problem with Watson's FTCA claim is not his failure to name the proper defendant but rather that the conduct that he challenges, *i.e.*, the failure to investigate Massachusetts state officials at Watson's request, is strictly discretionary in nature and therefore expressly exempted from the scope of the FTCA by the discretionary function exception.[3] *See* 28 U.S.C. § 2680(a) (excepting "[a]ny claim based upon an act or omission of an employee of the Government . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused").

In sum, Watson's lawsuit against the Federal Defendants is legally frivolous insofar as he fails to state a claim against them under any legal theory.[4]

---

[3] Of course, even before considering the exceptions to the Act, a claim must fall within the scope of the Act which covers "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, *would be liable to the claimant in accordance with the law of the place where the act or omission occurred.*" 28 U.S.C. § 1346(b)(1) (emphasis added). The reference in the statute to "the law of the place" means the law of the state where the act or omission occurred. *Meyer*, 510 U.S. at 477-78. The source of substantive liability under the FTCA is state law. *Id.* at 478. Federal agents are not answerable in tort under state law for refusing to conduct an investigation that falls solely within their discretion under federal law.

[4] Another argument that the Federal Defendants have raised is that Watson's claims are time-barred. In his complaint, Watson states that he began contacting the FBI in Boston in the year 2000, and the Department of Justice starting in 2007 regarding the conduct of Massachusetts state officials. (Rec. Doc. 4, Complaint ¶¶ 20, 26). No one responded to Watson's requests for an investigation. This lawsuit was filed on August 3, 2023.

*Bivens* actions, like § 1983 actions, borrow the statute of limitations from the applicable state law. *See Malachowski v. United States*, No. 20-190, 2023 WL 3119680, at

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 20)** filed by the defendants, Christopher Wray, in his individual and official capacity, Inspector General Michael Horowitz, in his individual and official capacity, the Federal Bureau of Investigation ("FBI"), and Office of Inspector General ("OIG"), is **GRANTED**. The complaint filed by Lawrence Watson is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the **Motion to Amend Complaint (Rec. Doc. 22)** filed by the plaintiff, Lawrence Watson, is **DENIED**.

March 27, 2024

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

*4 (N.D. Tex. Feb. 9, 2023) (citing *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999); *Starks v. Hollier*, 295 F. App'x 664, 665 (5th Cir. 2008)). In this forum, Louisiana law provides a one-year limitations period. *See Alford v. United States*, 693 F.2d 498, 499 (5th Cir. 1982) (citing La. Civ. Code art. 3536 (now article 3492)). Under Massachusetts law the applicable period would be three-years. *Verrier v. Beth Israel Deaconess Hosp.-Plymouth, Inc.*, No. CV 22-11855-NMG, 2023 WL 8544988, at *2 (D. Mass. Dec. 11, 2023) (citing M.G.L. c. 260, § 2A; *Poy v. Boutselis*, 352 F.3d 479, 483 (1st Cir. 2003)). But regardless of which state's statute of limitations would apply, accrual of the cause of action is governed by federal law. *Reed v. Goertz*, 598 U.S. 230, 235 (2023) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). A cause of action accrues, under federal law, "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Brown v. Nationsbank Corp.*, 188 F.3d 579, 589–90 (5th Cir. 1999) (citing *Moore v. McDonald,* 30 F.3d 616, 620–21 (5th Cir.1994)). Assuming arguendo that Watson had a claim based on the failure to investigate, he knew well before the years immediately preceding this lawsuit that the federal agencies that he had contacted were not responding to his repeated requests for assistance. Watson cannot circumvent the statute of limitations based on his allegation that he contacted the FBI again in April 2021 to re-urge his prior requests for an investigation of what occurred in Massachusetts from 1995-2011. (Complaint ¶ 33).